# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JUSTIN M. SCHIFFER,

    Petitioner,

    v.                                   **Case No. 26-CV-388-SCD**

BROWN COUNTY JAIL,

    Respondent.

## REPORT AND RECOMMENDATION

On March 10, 2026, Justin Schiffer filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that his constitutional rights were being violated in his ongoing state prosecution. *See* ECF No. 1. At the time, Schiffer was a pretrial detainee at the Brown County Jail. *See id.* at 2. A few weeks later, Schiffer submitted a letter indicating that his probation had been revoked and that he had been moved to Dodge Correctional Institution. *See* ECF No. 7. Schiffer also indicated that he took a plea deal on the state charges that are the subject of his federal habeas application. Indeed, online records reveal that Schiffer was convicted and sentenced in state court on March 23, 2026. *See State v. Schiffer*, Brown Cnty. Cir. Ct. Case No. 2025CF001076, https://wcca.wicourts.gov/.

A district court may grant federal habeas relief to a pretrial detainee only if "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In accordance with Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, as well as Civil Local Rule 9(a)(2) (E.D. Wis.), the Rules Governing Section 2254 Cases also apply to applications for a writ of habeas corpus under

§ 2241. Rule 4 of those rules requires district courts to "promptly examine" habeas petitions and to dismiss the petition "[i]f it plainly appears . . . that the petitioner is not entitled to relief in the district court."

Schiffer's application must be dismissed. For one, he does not seek release from custody—a predicate of habeas jurisdiction under § 2241(c)(3)—based on the alleged violation of his constitutional rights. He instead asks me to dismiss his state-court charges outright. *See* ECF No. 1 at 12. However, I cannot provide that relief under § 2241. *See Washington v. Smith*, 564 F.3d 1350, 1351 (7th Cir. 2009) (observing that "prisoners who are not seeking earlier or immediate release are not seeking habeas corpus relief"). And even if Schiffer had sought release from custody, he is currently incarcerated for violating the terms of his probation on a previous case, not for the constitutional violations alleged here.

Moreover, Schiffer's plea has mooted the issues he attempts to raise in this case. Schiffer alleges in his application that the state court violated his right to a speedy trial, that the police falsified evidence, that there was a lack of evidence to support the state charges, and that his state lawyer was deficient in handling discovery, not meeting with him, and not pushing for a trial. *See* ECF No. 1 at 10–12. But Schiffer waived those alleged constitutional violations by entering a plea. *See State v. Lasky*, 646 N.W.2d 53, 57 (Wis. Ct. App. 2002) ("The general rule is that a guilty or no contest plea waives all nonjurisdictional defects and defenses, including alleged constitutional violations occurring prior to the plea."). To the extent Schiffer claims that his lawyer lied to him and forced him to take the plea deal, that issue can—and in fact *must*—be raised first in state post-conviction proceedings. *See Cole v. Beck*, 765 F. App'x 137, 139 (7th Cir. 2019) ("[F]ederal courts must abstain from interfering with state court criminal proceedings involving important state interests as long as the state court provides an

2

opportunity to raise the federal claims and no 'exceptional circumstances' exist." (citing *Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 662 (7th Cir. 2007); *Younger v. Harris*, 401 U.S. 37, 53–54 (1971))).

Because it plainly appears that Schiffer is not entitled to relief in the district court, I **RECOMMEND** that his application for writ of habeas corpus pursuant to 28 U.S.C. § 2241 by a person in custody, ECF No. 1, be **DISMISSED**; that his petition and affidavit to proceed without prepayment of fees and/or costs, ECF No. 2, be **DENIED as moot**; that this action be **DISMISSED**; and that a certificate of appealability be **DENIED**. *See Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461, 475 (7th Cir. 2017) (holding that a magistrate judge cannot "resolve the case finally" "unless all parties to the action have consented to the magistrate judge's authority"). The clerk of court shall randomly assign this matter to a district judge for consideration of this recommendation.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72(b)(2), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of service of this recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district judge shall result in a waiver of your right to appeal. If no response or reply will be filed, please notify the court in writing.

Dated in Milwaukee, Wisconsin, this 20th day of April, 2026.

_____
STEPHEN C. DRIES
United States Magistrate Judge

3